# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RICHARD EDWARD PAUL MCCOY,**                    **PETITIONER**
**ADC #174425**

**V.**          **CASE NO. 4:20-CV-1415-KGB-BD**

**ARKANSAS DEPARTMENT**
**OF CORRECTIONS**                                **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Mr. McCoy may file written objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed with the Clerk of Court within 14 days. If Mr. McCoy does not file objections, he may lose the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.   Discussion:

Petitioner Richard Edward Paul McCoy is serving a seven-year sentence in the Arkansas Division of Correction after pleading guilty in Conway County Circuit Court to second-degree sexual assault, theft by receiving, and failure to appear on a felony. See, Plea Statements; Sentencing Orders, *State v. Richard McCoy*, 15CR-18-199, 15CR-18-

232, & 15CR-19-316 (Oct. 17, 2019).[1] On December 2, 2020, Mr. McCoy filed this *pro se* federal petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 2)

In a December 9, 2020 Order, the Court alerted Mr. McCoy to specific problems with his petition. (Doc. No. 2) First, he had not satisfied the filing fee requirement either by filing a motion to proceed *in forma pauperis* (IFP) or by paying the $5.00 filing fee. (*Id.*) The Court cautioned Mr. McCoy that if he wished to pursue this case, he would have to file a request to proceed IFP or pay the $5.00 filing fee within 30 days. (*Id.*) The Clerk mailed Mr. McCoy an IFP application along with a copy of the December 9 Order.

Second, the Court warned Mr. McCoy that his petition did not state how his custody was a violation of the United States Constitution or federal law, as required for federal habeas corpus relief. See 28 U.S.C. § 2254(a). Mr. McCoy was ordered to file an amended petition within 30 days explaining how his custody was in violation of the Constitution or laws of the United States.

The 30-day time for Mr. McCoy to comply with the requirements set out in the December 9 Order has passed; yet, Mr. McCoy has neither addressed the filing requirement nor amended his petition. For these reasons, his petition should be dismissed.

### III.  Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

Mr. McCoy has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Mr. McCoy has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

**IV.     Conclusion:**

The Court recommends that Mr. McCoy's petition be dismissed, without prejudice, for failure to address the filing fee requirement and for failure to state a claim for federal habeas corpus relief.

DATED this 21st day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE